STAIRMASTER SPORTS/MEDICAL PRODUCTS, INC., a Delaware corporation, Plaintiff,

v.

GROUPE PROCYCLE, INC., a Canadian corporation, and Procycle U.S.A., Inc., a Delaware corporation, Defendants.

No. CIV. A. 97–396 MMS.

United States District Court, D. Delaware.

July 29, 1998.

Donald F. Parsons, and Karen L. Pascale, of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware; of counsel: Paul T. Meiklejohn, Ramsey M. Al–Salam, and Brian G. Bodine, of Seed and Berry LLP, Seattle, Washington, for plaintiff.

Allen M. Terrell, Jr., and Jeffrey L. Moyer, of Richards, Layton & Finger, Wilmington, Delaware; of counsel: Bernard L. Sweeney, Robert Kenney, Edward H. Sikorski, and Mary Ann Capria, of Birch, Stewart, Kolasch & Birch, LLP, Falls Church, Virginia, for defendants.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

### INTRODUCTION

On July 3, 1997,[1] StairMaster Sports/Medical Products ("StairMaster") filed a complaint against Groupe Procycle, Inc. and Procycle U.S.A., Inc. ("Procycle"), alleging that Procycle's stair-climbing devices infringed upon StairMaster's 34,959 patent ("the '959 patent"). Procycle answered and counterclaimed on October 7, 1997[2] alleging, *inter alia,* that the '959 patent was invalid under 35 U.S.C. §§ 102, 103, 112 and/or 251. Both

1. The case was transferred from the Western District of Washington on July 3, 1997. StairMaster filed an amended complaint on September 23, 1997.

2. Procycle filed an amended answer and counterclaim on October 21, 1997.

parties filed opening briefs on claim construction on March 10, 1998 and answer briefs were filed on March 17, 1998. This Court held a claim construction hearing on March 23, 1998. Discovery closed on April 1, 1998. On April 13, 1998, StairMaster moved for partial summary judgment on infringement and Procycle moved for summary judgment on issues of infringement and invalidity. On May 1, 1998, StairMaster filed a motion to strike Procycle's §§ 102, 103 and 112 affirmative defenses on the grounds that Procycle failed to provide any discovery on them prior to the April 1 deadline. This Court issued an Opinion on claim construction on May 20, 1998. For the reasons that follow, StairMaster's motion will be granted in part and denied in part.

## DISCUSSION

This motion comes before the Court due to the failure of one or both parties to adhere consistently to the federal rules of civil procedure, to follow all of this Court's orders, and to file the appropriate motions to compel. As a result, beyond challenging Procycle's ability to pursue its §§ 102, 103 and 112 affirmative defenses, StairMaster's motion to strike raises questions about the Court's ability to control its docket and the course of litigation.

■ The Court's analysis necessarily begins with Procycle's unilateral decision to litigate on the cheap, despite the violations of the federal rules of civil procedure and this Court's orders that would inevitably result. As counsel for Procycle stated in an affidavit submitted with its opposition memorandum on the motion to strike:

> At the time that I and my firm were retained by Procycle in connection with this matter, a decision was made by Procycle, for economic reasons, not to authorize our firm to proceed to attempt to develop

all possible defenses. Rather, our firm was directed by Procycle to limit its efforts to develop defenses to those which could be developed without engaging in widespread discovery and investigation in order to control costs. Therefore, the decision was reached to rely upon those defenses, in addition to noninfringement, that might be developed directly through discovery from StairMaster and from the prosecution histories of the applications that led to the issuance of the United States Reissue Patent 34,959 (hereinafter "959 Patent").

D.I. 138 at 2, ¶ 7. This position was reiterated in Procycle's opposition brief to the motion to strike defenses as an attempt to explain Procycle's development, or lack thereof, of affirmative defenses under §§ 102, 103 and 112. See D.I. 137 at 9.

Partly as a result of this financial decision, Procycle alleges it had obtained no information regarding these defenses and, therefore, had no ability to make initial disclosures on them pursuant to Fed.R.Civ.P. 26(a)(1)[3] and this Court's order. See D.I. 74. Procycle also asserts that it did not have an obligation to engage in disclosure under Fed.R.Civ.P. 26(a)(1). This exemption supposedly derives from the fact that StairMaster did not allege infringement with particularity, i.e., did not identify specific claims that were infringed or products that were accused. Instead, StairMaster engaged in notice pleading by stating only that Procycle's stair-climbing devices infringed upon the '959 Patent. As a result, Procycle responded in kind by making a broad claim of invalidity based on §§ 102, 103, 112 and/or 251. According to Procycle's interpretation of the advisory committee notes to the 1993 amendments of Rule 26, such notice pleading obviates the requirement to make initial disclosures. The pertinent part of the notes reads:

---

**3.** Rule 26(a)(1) provides:

Except to the extent otherwise stipulated or directed by order or local rule, a party shall, without awaiting a discovery request, provide to the other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings ....

Fed.R.Civ P. 26(a)(1).

Broad, vague, and conclusory allegations sometimes tolerated in notice pleading—for example, the assertion that a product with many component parts is defective in some unspecified manner—should not impose upon responding parties the obligation at that point to search for and identify all persons possibly involved in, or all documents affecting, the design, manufacture, and assembly of the product. The greater the specificity and clarity of the allegations in the pleadings, the more complete should be the listing of potential witnesses and types of documentary evidence.

FED.R.CIV.P. 26 advisory committee note.

StairMaster responds that the quoted passage of the advisory committee notes is inapposite to the situation at bar. Procycle's affirmative defenses do not respond to any allegations, particularly pleaded or not, asserted by StairMaster. StairMaster alleged infringement by Procycle and Procycle independently alleged, *inter alia*, that the '959 patent is invalid under §§ 102, 103, 112 and/or 251. StairMaster argues that such an assertion must be based on facts known and afterwards acquired, which must be revealed to StairMaster.

StairMaster has the better argument. As the same advisory committee notes to Rule 26 explain:

Subparagraph (A) requires identification of all persons who, based on the investigation conducted thus far, are likely to have discoverable information relevant to the factual disputes between the parties. All persons with such information should be disclosed, whether or not their testimony will be supportive of the position of the disclosing party. * * * As with potential witnesses, the requirement for disclosure of documents applies to all potentially relevant items then known to the party, whether or not supportive of its contentions in the case.

4. Although Procycle stated in its opposition brief that it "does not agree ... that Fed.R.Civ.P. 26(e)(1) imposes a duty on a party to supplement or correct its earlier discovery responses," the remainder of the paragraph indicates that the insertion of "not" was a typographical error and that Procycle recognizes the responsibility.

*Id.* Procycle should have had information, however limited or potentially changing, with respect to its allegations of invalidity. Therefore, without delving into an unnecessary discussion on the meaning of "alleged with particularity," the Court finds, as stated in the order denying Procycle's motion to extend time to respond to interrogatories and document production requests, that Procycle failed to comply with Fed.R.Civ.P. 26. *See* D.I. 74.

At least as troubling to the Court, however, is Procycle's continued failure to respond substantively to discovery requests relating to its §§ 102, 103 and 112 affirmative defenses. From November 7, 1997, the deadline for filing Rule 26 disclosures, until April 3, which was after the discovery deadline had passed, Procycle's only responses to interrogatories and requests for documents consisted of objections.[4] These objections stated that the interrogatories and requests were premature and involved information protected by the attorney work product doctrine. The prematurity objection allegedly arose from Procycle's lack of relevant information, which resulted from Procycle's attempt to avoid costs by delaying development of the defenses as much as possible until the Court construed the claim language. Although the Court is not unmindful of the burdensome costs that patent litigation entails, such burdens are born by all parties and do not justify such objections. The Court recognizes that "the disclosure obligations [will be] informally refined and clarified during the meeting of the parties under subdivision (f) [of Rule 26 relating to discovery planning] and that the disclosure obligations [will be] adjusted in light of these discussions." FED.R.CIV.P. Rule 26 advisory committee note. However, Procycle has failed to explain adequately how it could allege invalidity in October 1997 and then not provide meaningful responses to any discovery requests before the April 1, 1998 deadline.

However, to quell any possible doubt, Rule 26 does impose a supplementation requirement with respect to initial disclosures, responses to interrogatories, requests for production of documents and requests for admissions. *See* FED.R.CIV.P. 26(e).

The Court also cannot accept Procycle's argument that StairMaster is responsible for Procycle's failures because StairMaster allegedly[5] did not provide a series of documents related to prior litigation. Although StairMaster was obligated to produce such documents, *see* D.I. 68 at 102, ¶¶ b-d, StairMaster was not unilaterally responsible for providing the discovery necessary to support Procycle's affirmative defenses. Moreover, to the degree to which Procycle could rely on StairMaster to buttress its own information, Procycle had numerous opportunities to file a motion to compel but failed to do so.

By criticizing Procycle's failure to comply with the relevant federal rules and Court orders, the Court is not imputing nefarious motives to Procycle; rather, the Court accepts that Procycle's actions were financially motivated. However, this explanation does not alter the fact that Procycle decided effectively to grant itself a stay on discovery related to its §§ 102, 103 and 112 affirmative defenses, thereby frustrating the purposes of the Civil Justice Reform Act of 1990, 28 U.S.C.A. §§ 471–482, and this Court's plan pursuant to the Act. Such decisions are for the Court, not for the parties.

■ In light of the above discussion, the Court will grant StairMaster's motion to strike Procycle's § 102 and § 103 affirmative defenses. The Court recognizes StairMaster filed its motion to strike after the deadline for filing issue dispositive motions, *see* D.I. 68 at 34, 9–10, and agrees with Procycle that a motion to strike affirmative defenses is issue dispositive. In fact, contrary to StairMaster's assertions, the Court is hard pressed to devise a more issue dispositive motion. Nevertheless, this Opinion necessarily requires a balancing of errors and, given the complete lack of discovery on Procycle's § 102 and § 103 affirmative defenses, the Court cannot allow those defenses to proceed.

The history of Procycle's § 112 affirmative defense, however, is somewhat distinguishable from that of the § 102 and § 103 defenses. As stated above, Procycle failed to provide any information on its affirmative defenses through the normal course of discovery until April 3, 1998,[6] which was after the close of discovery. Nevertheless, StairMaster was acutely alerted to Procycle's § 112 affirmative defenses through a detailed description of them in Procycle's opening brief for the claim construction hearing, filed on March 10, 1998. *See* D.I. 85. It is recognized that such disclosure was an inappropriate form and forum for discovery and that there was insufficient discovery time remaining for StairMaster to address the allegations. Nevertheless, StairMaster knew the second week of March that Procycle intended to pursue § 112 defenses, what the substance of those defenses would be, and that Procycle had failed to provide related discovery. Armed with such information, StairMaster not only failed to file a motion to strike defenses within the 30 days remaining before the deadline to do so but also chose to file an answer brief specifically responding to the allegations. By making those choices, StairMaster effectively waived its right to file a belated motion to strike this affirmative defense. Moreover, while motions to compel are not obligatory, the Court considers significant StairMaster's failure to file a motion to compel discovery with respect to the § 112 affirmative defenses, even after Procycle's intention to move forward on this defense became apparent. As a result, the Court will deny StairMaster's motion to strike the § 112 affirmative defenses articulated by Procycle in both its claim construction brief and its supplemental answers to the interrogatories. *See* D.I. 85; D.I. 121, Exh. 4 at 4.

---

**5.** Regrettably, both parties assert with equal vehemence that certain documents related to prior litigation involving StairMaster were/were not produced. Unfortunately, it is not entirely clear to the Court whether the parties are discussing the same documents. Without deciding which party, if either, has made intentional or inadvertent misrepresentations, the Court has concluded that this determination is unnecessary for resolution of the issues at hand.

**6.** The Court agrees with StairMaster that the parties' voluntary participation after the formal discovery deadline in depositions that had been noticed before the discovery deadline does not constitute an official extension of discovery so as to render Procycle's delinquent answers timely.

Balancing the prejudice resulting from both parties' errors is an imperfect science. Nevertheless, in an attempt to limit and appropriately allocate the burden of prejudice, the Court will grant the parties a twenty day discovery period[7] limited to the § 112 affirmative defense.[8] This time period will begin the day after the issuance of this Opinion. The parties will answer all interrogatories and satisfy all requests for documents within five days of the date of service. Depositions, if any, will be arranged at the earliest possible date. If documents that relate to Procycle's § 112 affirmative defenses and are identified in paragraphs "b-e" of this Court's November 19, 1997 order have not been produced by StairMaster, StairMaster shall produce the same within five days of the issuance of this Opinion. Although this discovery period is short, there will be little meaningful time left between a possible second "final" pre-trial conference and October 26, 1998, the date this case goes to trial.

---

7. This discovery period goes beyond the date of the "final" pre-trial conference, which is September 9, 1998. However, the relevant issues should not involve much discovery and any problems that arise as a result of the extended discovery should be resolvable before trial. In order to avoid one possible problem, it should be noted that the retention of the § 112 affirmative defense does not provide the parties with another opportunity to file a motion for summary judgment on the § 112 affirmative defenses.

8. This Court's claim construction Opinion, 1998 WL 290296 (D.Del.1998), defines the terms underlying Procycle's § 112 affirmative defenses. Although the fact that the Court has defined the terms does not negate the § 112 defenses, *see id.* at *2 n. 5, the parties should recognize the degree to which the Opinion narrows and/or clarifies the questions and, therefore, the discovery, surrounding these defenses.